Mr. Cantor, you may begin when you're ready. Thank you, Your Honor. Judge Bryson, Judge The court articulated the standard governing motions to dismiss. The court noted that a motion to dismiss can be granted only if it appears, beyond doubt, that the plaintiff can prove no sets of facts in support of the claim which would entitle the plaintiff to relief. The court noted that when the facts alleged in the complaint reveal any possible basis on which the non-movement movement might prevail, the motion must be denied, and that all fair intendaments must be drawn from the facts in favor of the non-moving party. And then the court did just the opposite. The judge construed a complaint which stated its basis to be arising out of the settlement agreement as not being in action on the contract, and construed all of the facts against Mr. Bianchi to arrive at the decision that the complaint must be dismissed. And then, having dismissed the complaint, the court went a step further by addressing the merits of the claim to arrive at the conclusion that even if the court had not granted the motion to dismiss, it would deny Mr. Bianchi's claims anyway. Mr. Bianchi's claim arose out of a settlement agreement in 1988. It settled Contract Disputes Act litigation. Let me ask you, going back to the point you just made about when the judge went further and then said, even on the merits, I find no merit to the claims here, what if hypothetically we were to agree with you that there's some jurisdiction for some of these claims? Would it be necessary for us to remand it back to the court of claims if indeed we reviewed her analysis of the merits now, which wasn't an alternative holding, but it was whatever it was. Is it your view that it's absolutely necessary for us to remand it, or could we then go on, if we disagreed with her on jurisdiction, to just go on the merits? Well, I think that the court could just go on at that point. Our court can just go on. Yes, this court previously set the standard in Bank v. United States, the very case upon which Mr. Bianchi's VECP royalty claims arose. This court noted that Mr. Bianchi did give up his Contracts Dispute Act litigation in return for certain promises and certain benefits. And the government tried to renege on those promises and benefits. The government paid Mr. Bianchi a sum of money, and then when the bank sued on the assignments, the government sued him to get the money back. This court ruled that the government can't do that, that the government was aware of the assignments, the government was aware of all of the financial issues. But your case on the merits rests on the one sentence in the 1988 settlement agreement that says it's without prejudice to your right to pursue your VECP claims. Based upon that and how this court interpreted that settlement agreement, and how the Ninth Circuit subsequently interpreted that settlement agreement. On the jurisdiction point, assume that the settlement agreement would be subject to the jurisdiction of the court below. The judge also said jurisdictionally under the statute of limitations that she had no jurisdiction over the bulk of the claim, which was the first one. Do you agree that's a jurisdictional issue? No, I think that's a statute of limitations issue. Typically, a statute of limitations issue before the Court of Federal Claims is jurisdictional because, as the Supreme Court has told us, the jurisdiction of the Court of Federal Claims is limited to actions which are not expired. It's not a threshold issue. I think that certain facts have to be presented to the court for the court to decide whether or not the limitation period has expired. So I don't think it's something that's amenable to a summary disposition in a motion to dismiss. Why? In other words, if you took the breaches at the time that the government didn't pay out the money, and if you assumed that was jurisdictional, I mean, that's a unique corner of the law. Why, at least on the bulk of the money, isn't there a lack of jurisdiction? Well, for several reasons. I think first and primarily, Your Honor, the government paid Mr. Bianchi's money to the bank in 1999. They said, we're not going to pay Mr. Bianchi because we don't have to. Despite the ruling in Bank v. United States that the government incurred a dual liability, one to Mr. Bianchi under the settlement agreement and one to the bank under the assignments, the government has taken the position that it doesn't have to pay Mr. Bianchi the BECP royalties. In 1999, the government took Mr. Bianchi's BECP royalties and paid it to the bank. That was a 1999 breach, not a 1993 breach. But what if the government had never – what if to this day the government's never paid the bank anything? Are you saying that your potential for your claim would run in perpetuity because it's never triggered? Are you saying – would that be a basis for you? What if you wanted to adjudicate it this year? What would you say to the government saying, well, your claim isn't ripe yet because the government hasn't paid it to the bank? Well, the government did pay it to the bank, but if the government had not, then I think the analysis of 1494 and 1500 becomes relevant. Mr. Bianchi could not bring the claim before the court for three years while he pursued his administrative remedies. Then he was in litigation in the District of Nevada and in the Ninth Circuit. It was the Ninth Circuit and the Walker Court that said that the District Court of Nevada lacked jurisdiction because this was a contract claim for a sum in excess of $10,000 and the claim should be brought before this court. So Mr. Bianchi brought the claim before this court. So he was in litigation at times relevant during that period of time, and this claim, we believe, was brought within six years once that litigation of the Ninth Circuit was resolved. So that's a tolling argument. Yes. I actually – I saw that below, but I didn't think you raised that here. I mean, I saw the discussion of court of claims below, but that didn't seem to have been raised here. So I had assumed you had decided to forego that issue on appeal. Well, we felt that what was more important was that the government did pay Mr. Bianchi's royalties to the bank in 1999. So you have not raised the tolling question on appeal. Is that correct? Well, we did not argue – we made reference to it, but we did not devote a specific argument to it. In noting the court's disposition below, it was a very short portion of the decision. Judge Horn just simply said, well, the payment to the bank did not affix a new liability. It was two or three sentences. There was no reference to authority. There was no analysis as to why that didn't constitute a breach or a fixed liability on the bank. It's not that the bank had a separate and distinct claim and presented a judgment to the treasury and got paid. What the government did was take Mr. Bianchi's royalty and give it to the bank. Yeah, but again, I know I don't want to beat a dead horse, but the government, in your view, was obligated to pay Mr. Bianchi in 1993. Whether or not they took that money and gave it to the U.S. Treasury, to the bank, or to a homeless shelter, I don't understand why the bank is what – they're giving the money to the bank is what triggers your claim. I would assume it's – under your view, it's they're not paying the money to you that triggers the claim. And that started – they did not do that as of 1993, at which point you claimed that you owed that money. Right? Is there anything – any dispute, anything I've said? Well, I wouldn't dispute it, but I would say it goes one step further. In 1994, when this court decided bank versus the United States, the court held that there was even a liability. You have to pay Mr. Bianchi even if you have to pay the bank. So in 1999, the government shows we can do one, but we don't have to do the other. We have chosen to ignore this court's ruling. We have taken the position, and it's, I think, outlined in the appendix and throughout the record, that this court's decision in 1994, notwithstanding, they interpret – the government interprets its liabilities being singular into the bank only under the assignments. It's given no credence to this court's ruling that there is a separate and distinct basis for its obligation to Mr. Bianchi. In fact, it's made Mr. Bianchi litigate over every benefit that was given him in the settlement agreement. But it seems to me your reliance in your citation of this 1994 case cuts against your argument with respect to the statute of limitations because your reading of the law is it doesn't matter whether or not he paid the bank because that doesn't affect in any way their liability towards me. And on the other hand, it seems a bit inconsistent with that for you to say, well, our statute of limitations didn't start to run until they paid the bank because that action is what deprived us of getting the money. I understand your observation. The court did rule in 1994 that there was a dual liability. The VECP royalty was adjudicated. It was paid to the bank in 1999. But again, Mr. Bianchi was either in litigation at the ASPCA to liquidate the amount of his claim or in the district court in Nevada or in the Ninth Circuit. And that goes back to the issue of 1500, 28 U.S.C. 1500. Could he have brought this claim here when there was a claim pending in the district court or in the Ninth Circuit arising out of the same contractual basis? Let me go back to a more basic point here on the question of jurisdiction. As I understand your theory, and correct me if I've misapprehended or mischaracterized it, but it is that based on paragraph 2 of the settlement agreement, the 98 settlement agreement, you're saying the settlement is without prejudice to Mr. Bianchi's right to pursue any and all value engineering change proposal claims. And you say in the Ninth Circuit, in effect agreed with you by saying, that means not just that he has a right to pursue, but that if he's successful in his pursuit, the government will pay. And therefore, this is an implied promise to pay any judgment entered by the BCA, correct? Yes, sir. All right. And that's the contractual obligation on which you are predicating your action as you characterize it here. Yes, it is. All right. Now, why isn't it necessary to have the BCA determine what the judgment is? In other words, they have said there is X amount that is the VECP, 52 and 16, whatever the numbers are, plus interest. But there are arguments, whether they're valid or not, as to how much the government should be directed to cut by way of a check. Why isn't that an issue which falls on the enforcement as opposed to contract breach or non-breach side of the line, the judgment enforcement side of the line, which is for the BCA to do? Well, I think that the BCA wouldn't be able to directly enforce that. I think that enforcement action had to be brought here or in the court of federal claims. Well, suppose the BCA enters a judgment against the United States in favor of General Dynamics Corporation for a million dollars. I mean, the BCA is authorized to direct the United States to cut a check, I take it, as a matter of judgments, correct? I mean, you don't have to go somewhere else to get that check, to get that judgment enforced. No, I don't think so. I think you're correct that the judgment would be presented to the judgment fund and the check would be cut. Right. So why isn't the task of determining how much the judgment should be, why shouldn't that be presented to the BCA as a precursor and rendering perhaps unnecessary any further action to enforce a judgment, which the United States may or may not, probably not, I would think, refuse to pay? I think, Judge Bryson, in this case it's because the issue wasn't whether the check could be cut. That was decided by Bank v. United States, that Mr. Bianchi had a settlement, the government couldn't renege upon that settlement, the government had to give Mr. Bianchi the benefit of his bargain. But the settlement wasn't for a fixed amount of money. The settlement was to allow him to sue on the VECP, which suit would result, presumably, in a judgment entered by the BCA. Yes. And the question then is, why doesn't the BCA have the responsibility of concluding the determination of how much is actually owed, in light of all the litigation that's gone on? I mean, your position is they owe the $16 and the $52 plus interest, period. But that's not the government's position, and my question is, isn't that something that the BCA should have to decide as a matter of determining the judgment as a precursor to enforcement of the provision of the settlement agreement, which says that any judgment that is ultimately entered will be paid? I think the simple answer is twofold. First, it was simply to liquidate the amount under this court's ruling in Bank v. United States. And secondly, because the government did not bring the bank into the litigation, the government did not assert at the BCA that it didn't have to pay Mr. Bianchi. The only issue presented to that court was, how much is the amount that's due under the reserve royalty claim? So, hypothetically, if instead of going to the Court of Federal Claims, you had gone to the BCA and said, please direct the government to pay us what we are owed, what would you expect their response to have been? What do you mean, direct? We've already done that? Or would they say, we've already decided $52 and $16 is the right amount? Exactly, Your Honor. That was simply an action to liquidate the amount of the claim. The entitlement, I think, was the right to pursue the claim was resolved in this court in 1994. The only issue was, how much was Mr. Bianchi going to receive? Right. Right. And go ahead. And that's what the court did. The court said, well, under this evidence, Mr. Bianchi has demonstrated his right to X amount of dollars in royalties based upon his VECP claims. The bank wasn't at issue. It was Mr. Bianchi's VECP, not the bank's. It was Mr. Bianchi's contract changes, contract proposals that had been accepted directly or impliedly by the government. So the only issue at the BCA was, how much is this worth to Mr. Bianchi? What the government did was simply say, after he liquidated the amount, after promising to give it to him, to reserve that to him in 1988, after this court said in 1994, this contract isn't violent, it's an agreement, under which Mr. Bianchi gave up his rights to litigate, they just simply said, we're not going to pay you. Just like it didn't pay the Equal Access to Judgment Act amounts requiring Mr. Bianchi to litigate and then appeal. The government has never given anything to Mr. Bianchi freely with the exception of the initial cash payment, and then it tried to take that back through litigation. All right. Very well. We've consumed your rebuttal time with questions, but we'll restore your full rebuttal time to you. Thank you. I appreciate that, Your Honor. And Mr. Schwartzwald, could you add a similar amount of time to Mr. McAvoy's time? I think about two minutes of additional time, if you need it. Thank you, Your Honor. Good morning, Your Honor. The court should affirm the judgment of the trial court. The tolling issues have been waived. 1494 is not even referenced in the blue brief. The only reference to 1500 is on page 22 in a footnote where Mr. Bianchi says that the trial court's discussion of 1500 is irrelevant. Mr. McAvoy, let me see if I understand the posture of this case, which is there's a lot of heavy lifting before you get to the issues, in this case simply sorting out the various proceedings that one has to sort out before you get to where we are. So help me. What would have happened in your view? Well, let me ask you this question first. If we should agree with you that Mr. Bianchi should have gone to the BCA and didn't belong in the court of federal claims, would he have any remedy in the BCA, or would you simply say, well, it's too late, or there's some other reason that he would not have a remedy in the BCA? Well, as a matter of any statute of limitations, I don't know. I haven't looked into that. But he would have a remedy. He wouldn't win. He wouldn't prevail on that. But he could ask the board to enforce the judgment. And then the board would say, and then the government would say, we have paid Mr. Bianchi. We have paid him by paying his contract assignee. He told us to pay the Bank of America that the Bank of America has – he's never come back and released – and the Bank of America has never released that assignment. So we have to pay the Bank of America, which is exactly what the case that came out of the District of Nevada and was affirmed by the Ninth Circuit told us to do. And he would contest your assertion that he's already been paid before the BCA. And presumably the BCA would decide, based on everything, including prior court decisions, whether you're right or he's right, right? Yes. If the BCA decides that you're right, they say he has had his opportunity, pursuant to the settlement agreement, to adjudicate the claim. He has adjudicated, and the government has an obligation to pay, but the obligation is $0. And if they agree with him, they would say presumably he's had his opportunity to litigate that claim, and he now gets $52,000 plus $16,000 plus interest, right? Is that the way it would sort out? I'm trying to be clear that the court means if Mr. Bianchi went to the board tomorrow? Well, if Mr. Bianchi had gone to the board at whatever time would have been, in your view, the appropriate time for him to go to the board to get this matter resolved. You say this is an enforcement matter? Yes. Okay. Enforcement of a judgment or an order by the BCA. The question is then, had he gone to the BCA, the BCA, if I understand your position, would have sorted out what the competing arguments with respect to whether the money has been paid or by virtue of prior decisions is deemed not to have been paid. Yes, and the answer would have been, the answer we expect the board would have given was that, Mr. Bianchi, you were paid in both 1999 and in 2002 when the government paid your contract us, when the government paid the Bank of America, because that is the entity to whom you directed payment, the contract payments being made. And if, no, please go ahead. So you take the position that the Board of Contract Appeals has the jurisdiction to construe the meaning of the settlement agreement? No, that is a different matter. The Board of Contract Appeals would not have jurisdiction to construe the settlement agreement. So if in the hypothetical case that Judge Bryson was laying out, you said what the government would argue, but we all know that Mr. Bianchi would come in and argue, no, no, no, contract board. Look at the settlement agreement. This settlement agreement means X, Y, and Z. So how could they have avoided construing the settlement agreement? Because that would not have been a contract issue that came to the board from contracting also. The board would only have authority. So they would have said we don't have jurisdiction to decide this aspect of the case. In other words, Mr. Bianchi's entire argument, right? They would not have authority to enforce the settlement agreement itself. The only thing they would have the authority to do is make sure the government paid off the judgments that the board issued. So they don't have the jurisdiction or authority to consider the arguments raised, consider the meaning of the settlement agreement, any of that stuff? Not the meaning of the settlement agreement, but some of the arguments raised. For example, were the contract assignments valid? No, but we're talking about the issue of Mr. Bianchi. Presuming. Right. Go ahead. The Board of Contract Appeals could not have heard a case of breach of the settlement agreement. So in other words, if you were to read this settlement agreement clause, clause 2, as if it said to write to pursue and be paid for any and all engineering change proposal claims and not to have any set-offs from that payment, then, or at least if it were open to that construction, then the case would belong in the Court of Federal Claims because it would clearly be an action in which he was seeking to have the amount of his judgment affected by the terms of the settlement agreement, correct? Yes, but let me back up a moment. The Board could look at the settlement agreement if, for example, he brought the VECP claims to the Board and we said, oh, no, no, you waived that claim and, look, here's our settlement agreement and that shows that you waived that claim. Well, then he could say to the Board, no, that claim hasn't been waived because, look, it was reserved in paragraph 2. Aside from that, though, the Board could not award breach damages, which is what Mr. Bianchi says he's looking for, breach damages, arising out of the settlement agreement itself. Breach damages is something only the Court of Federal Claims could have awarded, but in his complaint he never asks for breach damages. He never characterizes this action as a breach, and on pages 651 and 658 in paragraph 17 in the wherefore paragraph, which is the critical language the trial court relied upon, he makes clear that what he's saying is that we should have paid him because the prior decisions, judgments, and award of the ASPA in favor of Bianchi say so. Well, that's an action asking for enforcement of a VCA award, not breach damages, not damages from breach of a settlement agreement, and Mr. Bianchi was not pro se. He was represented by a counsel before the trial court, so he does not get the benefit of the requirement to read pro se pleadings liberally. If they meant breach, they could have said it, and they had an opportunity. There was a status conference at which this was raised. Mr. Bianchi never sought leave to amend his complaint in order to bring in a breach claim. As a practical matter, you would have erased the settlement as a defense and said no, you can't pay it to him. In a breach action? Yes. In a breach action, but how about in the enforcement action? In the enforcement action, I expect we would have said this. We would have said the District of Nevada affirmed by the Ninth Circuit and denied cert by the Supreme Court told us to pay the bank. Now, this discharge argument that was raised in the great brief was either litigated in that line of cases or it could have been litigated because Judge Pontius' corrected judgment came out before the District of Nevada's judgment, and so Mr. Bianchi could have argued even before his motion for a new trial in the District of Nevada that these judgments have been discharged. The bank is not owed the money. On the top of page 431 of the appendix, the Ninth Circuit repeats that argument and it says it is without merit. Therefore, that shows that that issue is raised judicata and that's what we would have said to the BCA if he had said they gave my money erroneously to the bank. But you can't give that much weight to the Ninth Circuit because they're the ones who said we don't have jurisdiction. Well, and they were correct on that. They were correct that the District Court did not have jurisdiction to hear a breach of contract action based upon paragraph 2. But you don't think they were right in the last line of the opinion, sending it back to the Court of Federal Claims. Well, if Mr. Bianchi in his complaint had said this is a breach action and the damages, if Mr. Bianchi had said the government has breached paragraph 2 of the settlement agreement, then we would never have said there is no jurisdiction. Well, he does say, the complaint does say the plaintiff's claims arise under a stipulation, blah, blah, blah, 1988, which stipulated in part. Isn't a fair reading of that, that the claims are predicated on the stipulation on the requirements of the settlement agreement? Not insofar as he characterizes his action as a breach of contract action. It is fair to say that that stipulation to decision was the first fact leading to his claim, his request that the Court of Federal Claims enforce a BCA award. But it's not a well-pleaded breach of contract action. Mr. Bianchi's counsel, I am certain know how to bring a breach of contract if they need to, and they do not. So you're saying that what this long background section has to be read to suggest is that the settlement agreement opened the door for a different action, which action was brought, was pending, and must continue to be pursued before the BCA, not the Court of Federal Claims, because it is not an action on the settlement agreement. The settlement agreement simply opened the door for that separate action. It opened the door for an action asking for enforcement of the BCA award. Or for even a determination at that point, a determination of how much the VECP and then ultimately enforcement of the VECP award. Yes, and that is the big difference between this case and the case that this Court heard on appeal in Bank of America. In that case, the government in effect put $617,000 on the table and then promised to put it into his pocket pursuant to the Court's interpretation of that paragraph that there was a dual liability. Nothing like that happened here. Paragraph 2 simply reserves a potential future claim. It doesn't state how much will be put in Mr. Bianchi's pocket, and it doesn't even use that recovery language that the other two paragraphs do. That argument, I guess, is the argument that the Ninth Circuit took some umbrage to. Yes, and the Ninth Circuit was not a competent authority, had no jurisdiction to interpret what paragraph 2 meant. Both the Bank of America case and the First Ninth Circuit case were about set off, and the Bank of America case was also about recruitment. We not only put money on the table, the $617,000, and told Mr. Bianchi he was entitled to recover it, but we actually sent him a check with eyes wide open. None of that can be said with respect to the VECP claims. We waited until the Ninth Circuit told us that the VECP awards had to be paid to Mr. Bianchi. To some extent, Mr. Bianchi's claim is a moving target on this point. He says on the one hand that there's a dual liability, and then he says on the other hand that we sent his money to the bank. Well, if there's a dual liability, then the bank had to get that money regardless of whether Mr. Bianchi is entitled to some other equivalent amount as pursuant to the settlement agreement itself. Even if we agree with that, there's that little 16, a small amount that's left that's clearly not time-barred, right? That is not time-barred. But the argument that the $58,000 claim is not time-barred is wrong. Mr. Bianchi has always claimed that the money is his, and he knew about that claim. He knew all the facts he needed to know about that claim back in 1993, and certainly no more later than 1994 when he made the very same claim in the District of Nevada. So after all this jurisdictional ping-pong as to which court has the jurisdiction, if we were to agree with you, would you then take the position that he was time-barred from going back to the BCA to get the $17,000, whatever the amount is? I don't know. I have not looked into the board's—to whether the board has a statute of limitations on its jurisdiction over an award pursuant to a BCBECP claim. Mr. Bianchi has not claimed that he's time-barred there, and it wouldn't matter. I mean, the Court of Federal Claims would not have jurisdiction simply because some other forum does not have jurisdiction. The Court of Federal Claims would have had jurisdiction had this been a well-pledged breach of contract action. Mr. Bianchi had every opportunity to plead that. He did not. The Court of Federal Claims was right to interpret this as an enforcement action over which— and this, too, is no longer an issue in this case—over which it did not have jurisdiction. Mr. Bianchi has not contested the argument adopted by the Court of Federal Claims that it did not have jurisdiction to enforce a BCA award. I perhaps spoke without being entirely sure of the state of the law now, but is it your position, and do you think the law is—it is correct as a matter of law that limitations—period of limitations is a jurisdictional issue before the Court of Federal Claims? I mean, I think a case called Musgrave a few years ago, I believe, before the Supreme Court. Was that the name of the case? And there's some question, I guess, as to whether that is still good law in light of subsequent decisions. Do you happen to know what the state of the law is now on that question? Whether limitations—the expiration of the statute of limitations is a jurisdictional question for the Court of Federal Claims. It isn't, of course, for the other federal courts. It's an affirmative defense. Right. It's a jurisdictional issue in the Court of Federal Claims, and for that reason it's not an affirmative defense. I recall seeing cases in which that discussion is laid out. Let me—I don't want to beat a dead horse, but on the jurisdictional question, it seems that the focus of your argument deals with the deficiencies in the complaint. And as I read the Court of Claims' opinion, it seemed that her focus was less on sort of the deficiencies of the complaint and more on—she just said it's because it's actually an issue for enforcement. I guess that kind of troubles me because if the court had really said the complaint is deficient, couldn't he have come back and amended the complaint? Well, yes, he could have, and in a sense it's not a deficient complaint. It pleads what it seeks. It seeks expressly—it states expressly in action that's the result of the government's refusal in its characterization to pay VECP awards. It doesn't say anywhere. And in this sense it's deficient because if they were really making a breach of contract claim, then they failed to put it in their complaint. It doesn't say the government has breached paragraph 2 of this settlement agreement, which of course is a contract, and the Court of Federal Claims did have jurisdiction to hear that claim. And they did—Mr. Bianchi did have an opportunity to amend that. Judge Horne raised this issue in a status conference that preceded, by some time, some reasonable period of time, her opinion. Mr. Bianchi never asked for leave to amend the complaint. But I suppose that if the complaint were amended to include a breach of contract claim straight up without any ifs, ands, or buts about what was being claimed with respect to an assertion of breach of paragraph 2 of the 88 settlement agreement, then it would be incumbent upon Mr. Bianchi to show that that agreement contained an implied undertaking not only to allow the lawsuit for the ECP, but to pay the judgment and also not to assert any set-offs from that judgment. And that would all have to be in the contract, right? Yes, and that is the lesson of this Court's opinion in applied competence, that that kind of restriction has to be in the settlement agreement itself. And Mr. Bianchi never negotiated, bargained with the government for any such limitation or any such direction as to who should get payment of any potential BECP award. And having not done that, the only objective reading of that paragraph— and this Court did not discuss that paragraph in Bank of America— is that this was simply a reservation of a potential future claim. It had nothing to do with either entitlement or whether payment should go both to Mr. Bianchi, regardless of whether it also went to a contract assignee. Nonetheless, you could make an argument about that either way, I suppose. I mean, I know what your position would be, but I suppose that one could say, well, no, it's implicit in the statement that you are going to allow him to proceed and pay him that he will pay him and not someone else. Not, Your Honor, pursuant to an objective, reasonable interpretation of those very few words. I understand. Now, just to clarify, you said that he had the opportunity to file an amended complaint. My understanding was that the government didn't—that the court of claims sua sponte raised this and that the government didn't come in and say no subject merit of jurisdiction here. That's right. Well, we did, after the court raised it at the status conference, there was an ordered supplemental briefing at which we— So you're saying at that point when he kind of knew it was an issue. Yes. He should have known. Thank you, Your Honor. Thank you, Mr. Bianchi. I'm sorry, was there another question? Well, I just—just one last question. So was this issue of the deficient complaint something fully flagged at a time where there was time to amend? Yes. So that would be your position if we saw that in the record, right? Yes. Thank you. Very well. We have—Mr. Kenter, you have, let's see, three minutes, but I think Mr. McElmail went over by a couple of minutes, so if you need as much as five minutes. Thank you. I appreciate that, Your Honor. I'll try to be brief and succinct. Counsel mentioned the moving target. I think the moving target is that at no time did the government disclose it didn't intend to pay Mr. Bianchi. It didn't say in 1988 we're not going to pay you the BECP claim. When Mr. Bianchi litigated that claim at the BCA, it didn't say we're not going to pay you this claim. Now somehow the onus is on Mr. Bianchi to have brought in the bank to determine if he is expending his money, his time, and his resources to receive a royalty for the bank. Mr. Bianchi reserved— But all contract, all government obligations are subject to the ordinary rules of set-off, so I'm not sure why— Because the BECP claim was after this court said there is no set-off, that the government promised Mr. Bianchi certain benefits to settle his claim, and they knew about the assignment. They knew the financial arrangements. Mr. Bianchi came forward at arm's length free of any fraud or misdirection or concealment and said this is what I want to withdraw my contract disputes act litigation, and that's what the government said it could have. The issue was never framed at the Court of Federal Claims that this is a deficient pleading. I don't think there's anywhere in the record where that's going to arise, that this complaint is deficient. But that's why I opened my argument with a recitation of the standard that the court itself acknowledged, that if the complaint fails to allege any facts upon which Mr. Bianchi can recover, then a motion to dismiss would be appropriate. But here in paragraph 1, 1491 was pledged, so it was pledged as a contract action. In paragraph 2, as Judge Post noted, the complaint says these claims arise out of the contract, and then finally in paragraph 23, Mr. Bianchi is framed for his contract damages. Now, if that doesn't sound as breach of contract, I don't know what would sound as a breach of contract in this case. But paragraph 23 is paying for the amount of the judgment from the BCA. It may also be the amount that you seek as contract damages, but nowhere in the claims section of the complaint that I was able to find do you actually straight up say the contract imposes the following obligations on the government. Allow us to sue, allow us to recover, pay us, and pay us without set-off. Now, that may be your theory of contract breach when they don't pay you without set-off, but it doesn't appear anywhere between paragraph 22 and the end of the complaint that I can see, notwithstanding that there are references in paragraph 1 and 2 to 1491. Well, in the interim paragraphs, what is being pled is that there was a settlement. And what that settlement was, how that settlement was litigated before this court, what this court said about that settlement. So all of that was laid out specifically in the complaint. The entire history as to how Mr. Bianchi wound up at the Court of Federal Claims was pleaded, including this court's disposition of the—or interpretation of the 1988 settlement agreement. But one does have to extract from the background the seeming intent to rely in part on— I can see that the complaint could have been better drafted, but the substance is in that complaint. So I don't think it can be said that the complaint didn't reveal any possible basis on which the non-movement might prevail. And again, if the government intended not to pay, the government would have said so. I don't think it was Mr. Bianchi's burden to anticipate that the government is now again going to withhold payment of something that Mr. Bianchi bargained for in 1988, and to then himself bring the bank into litigation. If the government intended to pay the bank, it should have said so. And I do agree with Mr. McElmail that the BCA would not have jurisdiction on the contract claim, the breach of contract claim. That could only be brought before the Court of Federal Claims under 1491. So in substance, Your Honor, this court said that there is a dual liability. The government has only acknowledged one liability. The government did not disclose at the BCA that it would not pay Mr. Bianchi. Mr. Bianchi brought his claim in the contract court. The complaint sets forth a factual basis for that court's jurisdiction and to award him what he is seeking from that court. And therefore we think that the motion to dismiss was just simply error and should be reversed. Can I just ask quickly? I mean, is the scenario that was laid out to us by government's counsel one which you concur in, which is that there was indeed an opportunity after you were aware of at least some question with respect to subject jurisdiction here based on the complaint for you all to go up back and amend your complaint? Well, the supplemental briefing did address that issue. And we did address why it was a breach of contract claim. So I think that that was presented to the Court of Federal Claims. There was no motion to amend the complaint. But the issue was argued in substance in the supplemental briefing. Thank you, Mr. Cantor and Mr. McEmail.